IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE JEAN CANNON, DECEASED AND ESTATE OF ANNE JEAN BY AND THROUGH JOHN CANNON AND FRANCIS CANNON, EXECUTORS OF THE ESTATE OF ANNE JEAN CANNON<br><br>       Plaintiff<br><br>   v.<br><br>WATERMARK RETIREMENT COMMUNITIES, INC. d/b/a BLUE BELL PLACE and WATERMARK OPERATOR, LLC, d/b/a BLUE BELL PLACE and WATERMARK RETIREMENT COMMUNITIES, LLC. d/b/a BLUE BELL PLACE and<br><br>       Defendants. | Civil Action No. 2:21-cv-01451<br><br><br><br>Jury Demand |

**Joint Status Report Pursuant to Rule 26(f)**

Basis of Jurisdiction: Diversity and PREP Act (Fed. Statute)

Jury Trial:   X        Non-Jury Trial: _____    Arbitration: _____

Plaintiff's counsel participating in the Rule 16 Conference:

Jake Becker, Esq.
Lamb McErlane, PC
24 E. Market Street,
PO Box 565
West Chester, PA 19381

Defendant's counsel participating in the Rule 16 Conference:

Angela A. Cronk, Esq. and Caroline J. Berdzik, Esq.
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907

Do counsel have full authority to settle at Rule 16 Conference?  No.

      If not, client with such authority who will attend conference:  Claims examiner with insurance carrier will be available to participate remotely.

When did the parties hold the Rule 26 Conference? September 26, 2022

When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? September 26, 2022

Plan for Discovery:

1. The parties anticipate that discovery should be completed within 180 days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? 180 days. However, Defendants do not believe an ADR Session will be beneficial.

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? Yes.

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan: As discussed in the footnote, the parties are dependent upon records from third-party medical providers.  Records from medical providers have experienced significant delays as of late.

5. If you contend the discovery period should exceed 90 days, please state reason: The discovery in this matter will largely focus on records from medical providers not associated with either party. The parties will need the medical records to take the deposition of various treating doctors and nurses. Therefore, the parties may need to seek an extension of the discovery cut-off date if records are still pending.

Does either party anticipate the use of experts? Yes. If yes, what is the proposed deadline for expert discovery? 30 days after the close of fact discovery for Plaintiff and 60 days after the close of fact discovery for Defendants.

Does either side expect to file a case-dispositive motion? Yes for Defendants.
    If yes, under what Rule? 12 (c) and/or 56(c)(1)(B).
    If yes, specify the issue: Defendants believe they are entitled to complete immunity under the PREP Act for use of a covered countermeasure prescribed by Ms. Cannon's doctor. Proposed deadline for filing dispositive motions: 30 days after close of fact discovery.

Approximate date case should be trial-ready: August 1, 2023

      Time for Plaintiff's case: 4 days      Time for Defendant's case: 5 days

What is the outcome of your discussions with your clients about proceeding before a Magistrate Judge for final disposition?
Defendants' clients do not want to submit this matter to a Magistrate Judge for final disposition.

Is a settlement conference likely to be helpful?  No.
If so, when: Early _____ (yes/no)     After Discovery _____ (yes/no)

**LAMB McERLANE PC**                                    **GOLDBERG SEGALLA, LLP**

By: */s/ Jake D. Becker*                                By:  */s/ Angela A. Cronk*
Jake D. Becker (ID No. 315818)                          Angela A. Cronk, Esq. (83981)
Dawson R. Muth (ID No. 78079)                           Caroline J. Berdzik, Esq. (207251)
John J. Cunningham, IV (ID No. 70975)                   1700 Market Street, Suite 1418
24 E. Market Street, P.O. Box 565                       Philadelphia, PA 19103
West Chester, PA 19381-0565                             acronk@goldbergsegalla.com
(610) 430-8000                                          *Attorneys for Defendants Watermark Retirement*
*Attorneys for Plaintiffs*                              *Communities, Inc., Watermark Retirement*
                                                        *Communities, LLC., and Watermark Operator*
Date: September 26, 2022                                *LLC d/b/a Blue Bell Place (incorrectly identified*
                                                        *as Watermark Retirement Communities, Inc. d/b/a*
                                                        *Blue Bell Place and Watermark Retirement*
                                                        *Communities, LLC d/b/a Blue Bell Place)*

Date: September 26, 2022